IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **KEY ENERGY SERVICES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 2:08-cv-346** |
| v. | § | |
| | § | |
| **C.C. FORBES, LLC and PETRON INDUSTRIES INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF KEY ENERGY'S SUR-REPLY IN FURTHER
OPPOSITION TO DEFENDANT PETRON INDUSTRIES'
MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

Plaintiff Key Energy Services, Inc. ("Key") files this Sur-reply in further opposition to Defendant Petron Industries, Inc.'s ("Petron") Motion for Summary Judgment and Motion to Strike Petron's new summary judgment "evidence" as follows:

**SUMMARY OF ARGUMENT**

The mountain of paper attached for the first time to Petron's Reply is insufficient to save its premature Motion for Summary Judgment. As an initial matter, the "evidence" attached to Petron's Reply should be stricken for both procedural and substantive reasons. But, even if the Court considers Petron's new "evidence," the evidence actually creates additional fact issues mandating denial of Petron's Motion. In sum, whether the new "evidence" is considered or not, Petron's Motion must be denied. At a minimum, because no depositions have been taken in this case and the declarations attached the Reply were submitted by previously undisclosed witnesses, the Court should allow Key to take discovery pursuant to Federal Rule of Civil Procedure 56(f) in order to properly respond to Petron's Motion.

**ARGUMENT**

**I.       The Summary Judgment "Evidence" In Petron's Reply Should Be Stricken**

In its moving papers, Petron cited a single piece of evidence in support of its summary judgment arguments, the declaration of its Chief Executive Officer, Peter Buckley in which Mr. Buckley swears that no Petron employee ever had knowledge of Key's patents. (*See* Exhibit 1 to Petron's Motion). In Response, Key directed the Court to the deficiencies in Mr. Buckley's declaration and Petron's other contentions in support of summary judgment, such as the fact that Mr. Buckley cannot possibly swear on behalf of the knowledge of the dozens of other Petron employees. (*See* Response at 3-7). Now, apparently recognizing the deficiencies of its Motion, Petron attaches to its Reply over 100 new declarations from purported employees of Petron.[1] (*See* Exhibits 3-7 to Reply). Putting aside (for a moment) that many of the declarants were not disclosed to Key in Petron's Rule 26 Disclosures (or otherwise) and that none of the declarants have been subjected to cross-examination or deposition by Key, the new "evidence" should be stricken as an untimely attempt to add new arguments and evidence to the summary judgment record.[2]

---

[1] Petron's new "evidence" totals more than 220 pages and consists almost exclusively of fill-in-the-blank declarations of purported Petron employees. Most of the declarants were never disclosed to Key previously and none have been deposed. Courts disfavor the use of fill-in-the-blank affidavits or declarations. *See, e.g., United States v. Garcia*, 528 F.3d 481, 483 (7th Cir. 2008) (court troubled by fill-in-the-blank affidavits); *Gonzalez v. Beto*, 425 F.2d 963, 971-72 (5th Cir. 1970) (same). This is especially true when such fill-in-the-blank affidavits are not previously disclosed. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 185-86 (4th Cir. 2007) (district court striking fill-in-the-blank affidavits submitted by sixty-seven employees). Key looks forward to conducting discovery on not only the merits of the declarations, but also on the origins of these identical, fill-in-the-blank declarations.

[2] This is not the first time Petron has filed a meritless motion only to change course upon receipt of Key's opposition papers. For example, Petron filed a Motion to Transfer Venue (Dkt. Entry 16) only to withdraw it and stipulate that venue is proper here, after Key filed its opposition. (Dkt. Entry 30). Later, Petron sought and was granted leave to file antitrust counterclaims against Key (Dkt. Entries 32 and 36); however, after Key filed a Motion to Dismiss and served discovery, Petron asked the Court to dismiss those claims. (Dkt. Entry 61). Now, Petron admits that Key's response is sufficient to defeat its motion

Admitting that Key's Response "cast some doubt on the veracity of Petron's CEO's Declaration," Petron seeks to sandbag Key by withholding summary judgment arguments and evidence from Key until after its Response was filed. (*See* Reply at 1). Petron attached a single declaration to its moving papers. Now, in Reply, it attaches over 100 declarations, totaling more than 200 pages. This gamesmanship should not be countenanced.

It is well-established that "a movant should not be permitted to cure by way of reply what is in fact a defective motion." *Weber v. Merrill Lynch*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) (quoting *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991)). The Court may decline to consider an argument raised for the first time in a reply brief. *Weber*, 455 F. Supp. 2d at 551 (quoting *Senior Unsecured Creditors' Comm. Of First Republic Bank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990)); *Vogt v. Tex. Instruments, Inc.*, No. 3:05-CV-2244-L, 2006 U.S. Dist. LEXIS 67226, at *9 n.3 (N.D. Tex. Sept. 19, 2006) (granting motion to strike new evidentiary materials in a reply). The "evidence" Petron seeks to add was readily available at the time it moved for summary judgment. Indeed, the Eastern District of Texas Local Rules of Court require that evidence in support of a motion be served and filed with the motion, not the reply brief. *See* E.D. TEX. LOCAL R. CV-7(b) ("[w]hen allegations of fact not appearing in the record are relied upon in support of a motion, all affidavits and other pertinent documents <u>shall be served and filed with the motion</u>") (emphasis added); *see also Hucker v. City of Beaumont*, 144 F. Supp. 2d 696, 700 (E.D. Tex. 2001) ("the Court will apply no lower standard to a movant's [summary judgment] motion"). The Court should strike this supplementation and sandbagging effort.

---

for summary judgment (*see* Reply at 1) and attaches as much paper to its Reply as it can drum-up in a futile attempt to save its Motion.

Besides being procedurally improper, the new declarations also should be stricken because they would not be admissible at trial.[3] *See* FED. R. CIV. P. 56. Each of the new declarations contain testimonial statements that are ripe with speculation, legal conclusions, opinions, arguments, and other statements that are not (or cannot be) based on personal knowledge. The declarations also contain inadmissible hearsay. For example, many of the declarations are made "to the best of my personal knowledge." (*See, e.g.,* Exhibits 3-4 to Reply). These declarations lack foundation and the requisite personal knowledge. This is precisely why courts are typically suspicious of fill-in-the-blank affidavits of this type. *See* note 1, *supra*, citing *Garcia*, 528 F.3d at 483; *Gonzalez*, 425 F.2d at 971-72; and *Anderson,* 508 F.3d at 185-86.

## II. Even If The Court Considers Petron's New "Evidence," The Reply Creates Additional Issues Of Fact

Even if considered by the Court, the new "evidence" attached to Petron's Reply cannot save its Motion. In fact, on numerous occasions, the Reply expressly admits the existence of a fact issue. And, in other instances, Petron's Reply is insufficient to support Petron's heavy summary judgment burden.

In the opening paragraph of its Reply, Petron admits three separate facts that doom its Motion. First, in the opening sentence, Petron admits that Key's Response "cast some doubt on the veracity of Petron's CEO's declaration." (*See* Reply at 1). Petron is right and the jury should weigh Mr. Buckley's declaration. If Petron's counsel doubts the "veracity" of his own client's sworn statement, the Court should not rely on that declaration as a basis for granting summary judgment. Further, the additional declarations attached to the Reply do not save Mr. Buckley's admittedly flawed declaration or demonstrate the absence of a genuine issue of fact.

---

[3] Because Petron attaches over 100 fill-in-the-blank declarations constituting more than 200 pages to its Reply and because the declarations should be stricken for other reasons as well, Key will not address the evidentiary deficiencies declaration-by-declaration.

4

Second, Petron admits that the more than 100 declarations attached to its Reply do not represent the entirety of Petron.  (*See* Reply at 1 (attaching declarations "from the vast majority of Petron's employees")).  Given that the purpose of these affidavits is to prove no one at Petron had knowledge of Key's patents, the "vast majority" is not good enough.  At this early stage, it is simply too early to determine as a matter of law that Petron was unaware of Key's patents. In fact, as demonstrated immediately below, Petron itself admits that at least one of its employees was aware of Key's patents.  The Court should not rely on Petron's self-selected sampling to determine issues of fact—especially without allowing Key the opportunity to conduct discovery.

Third, and most damaging, Petron flatly admits that one of its employees <u>was aware of Key's patents</u>.  *See* Reply at 1 ("one [Petron] employee who knew that Key had patents relating to rigs") and at 8 ("to the best of Petron's collective corporate knowledge, only ONE Petron employee, [sic] knew of Key's patents-in-suit before this lawsuit").  Accordingly, Petron's summary judgment request on the basis that it was unaware of Key's patents should be overruled out-of-hand based upon its own admissions to the contrary.

Later in its Reply, Petron admits there are additional issues of fact.  Petron contends that the more than 112 declarations of its employees attached to its Reply "overwhelmingly" demonstrate a variety of contentions mandating summary judgment.  (*See* Reply at 2).  However, as even Petron articulated in its moving papers, "overwhelming" evidence is not the standard for summary judgment, especially considering that no depositions have been taken and many of the declarants were previously unknown to Key.[4]  To be entitled to summary judgment, Petron must demonstrate that "no issues" of material fact exist—not that the weight of the evidence "overwhelmingly" supports its contentions, which is denied in any event.

---

[4] Petron admits that many of the declarants were not disclosed to Key previously.  (*See* Reply at 4 n.1).

5

Similarly, in its moving papers and attendant declaration of Mr. Buckley, Petron contends that its sales of the allegedly infringing products have been on non-mobile devices "over 90%" of the time." (*See* Motion at 5 and Exhibit 1 to Motion). However, in its Reply, Petron changes this contention. Petron now states that its sales of the allegedly infringing products have been on non-mobile devices "over 80% of the time." (*See* Reply at 7 and Exhibit 2 to Reply, ¶ 9). Petron's new "evidence" thus contradicts the sworn "evidence" attached to its moving papers. This inconsistency immediately calls into question the trustworthiness and probity of these declarations and is yet another reason to deny Petron's Motion and allow the parties to proceed to discovery, including taking the deposition of the contradictory declarant, Mr. Buckley.

Lastly, Petron's Reply does not cure the defects in the evidence presented in its moving papers. As Key demonstrated in its Response, Mr. Buckley (Petron's CEO and principal declarant) merely swears that none of Petron's officers or "employees in a managerial position" ever had any knowledge of Key's patents. (*See* Motion at 3 and Exhibit 1 to Motion, ¶ 6). Mr. Buckley did not then and does not now identify the current or former employees he speaks for in his declaration. (*Id.*) Mr. Buckley's declarations are simply not enough to support a grant of summary judgment because "[u]nsupported affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991). Moreover, Mr. Buckley's declarations conspicuously exclude any statement regarding the knowledge of "non-managerial" employees. (*See* Motion at 3). Petron cites no case law indicating that the "knowledge" requirement for contributory infringement under 35 U.S.C. § 271(c) and inducing infringement under 35 U.S.C. §271(b) does not take into account non-

6

managerial employees. Accordingly, even the conclusory declarations provided by Petron do not conclude enough, and Petron's Motion should be denied.

### III. Other Documentary Evidence Also Defeats Summary Judgment

In its Reply, Petron does not confront Key's contention that fact issues arise even from the modest document production by Petron to date. (*See* Response at 4-7 and Exhibits 3-4 to Response). Further, Petron still has not submitted any evidence in support of its contention that its accused products have substantial non-infringing uses. Petron has declined to submit evidence regarding the specific products provided to its co-defendant, C.C. Forbes, LLC ("Forbes"). Instead, one of the very few emails produced by Petron indicates that Petron *specially designed and modified their products* for use with Forbes's rigs. (*See* Exhibit 4 to Response). Petron cannot prove as a matter of law that its accused products have substantial non-infringing uses when it has not even identified those products.

Additionally, Petron fails to demonstrate that it cannot be liable for direct infringement as a joint infringer. (*See* Response at 6-7). As Key pointed out in its Response, direct infringement can be carried out by multiple parties, and the patentee must prove that "one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e. 'the mastermind.'" *Golden Hour Data Sys., Inc. v. emsCharts, Inc*., No. 2:06-CV-381, 2009 U.S. Dist. LEXIS 30108, at *8 (E.D. Tex. Apr. 3, 2009) (citing *MuniAuction, Inc. v. Thomson Corp*. 532 F.3d 1318 (Fed. Cir. 2008)). A question of fact still exists at this early point in the litigation as to whether Petron, or Forbes, was the "mastermind" of the infringement.

Petron offers no evidence that this custom product has substantial non-infringing uses or that it cannot be held liable as a joint infringer; thus, Petron fails to carry its summary judgment burden.

**IV.     Petron's Motion Is Premature and Key Is Entitled to Discovery**

If the Court declines to deny Petron's Motion on its merits, Key requests discovery to respond to Petron's Motion pursuant to Federal Rule of Civil Procedure 56(f).  This lawsuit is in its preliminary stages.  The fact discovery deadline in this case is not until late-2010 and the case is not set for trial until March 2011.  (Dkt. Entry 56).  Claim construction is not set until June 10, 2010.  (*Id.*).  Not a single deposition has been taken and Petron has produced only its first tranche of response documents.[5]

The discovery Key seeks will establish that Petron knew the patents at issue existed and that its products infringed those patents.  Key's discovery will also establish that Defendants' products do not have substantial non-infringing uses.  Here, the depositions of Petron employees will provide the necessary evidence of Petron's knowledge of Key's patents and infringing uses of Petron's products.  (*See* Exhibit 5 to Key's Response).

The discovery Key seeks is firmly endorsed by both Federal Rule of Civil Procedure 56(f) and controlling case law.  The Fifth Circuit has explained that "Rule 56(f) allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.  *Culwell v. City of Ft. Worth*, 468 F.3d 868, 871 (5th Cir. 2006).  Moreover, the United States Supreme Court has stated that Rule 56(f) *requires* permitting discovery where, as here, "the non-moving party has not had the opportunity to discover information that is essential to its opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

The Fifth Circuit has also noted that "[Rule 56(f)] motions are generally favored, and should be liberally granted."  *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534

---

[5] Petron's failure to present evidence is not limited to its Motion; Petron has also failed to provide any documentation of its accused system in contravention of Local Patent Rule 3.4(a).

(5th Cir. 1999). Therefore, where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington N. Santa Fe. R.R. Co. v. The Assiniboine & Sioux Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). So too here.

Petron attaches to its Reply fill-in-the-blank declarations from more than 100, previously unknown employees. Most of these declarants were not disclosed in Petron's Rule 26 Disclosures. (Dkt. Entry 58). If this "evidence" is not stricken, Key should be permitted to conduct further discovery, by way of depositions and written discovery, on Petron's contentions.[6]

The discovery Key seeks is highly relevant to the summary judgment proceedings and will create a genuine issue of material fact—to the extent one does not already exist—as to Petron's contention that it was unaware of Key's patents. *Stearns Airport*, 170 F.3d at 535 (Rule 56(f) allows relief from a premature motion where the non-moving party "demonstrate[s] how postponement and additional discovery will allow him to defeat summary judgment."). Where— as here—very little discovery has taken place, "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid. *Burlington*, 323 F.3d at 774. Nevertheless, Key is able to identify with reasonable precision not only the discovery it seeks, but the import of that proposed discovery. (*See* Exhibit 5 to Key's Response). As such,

---

[6] Petron invites error by encouraging the Court to lightly reject Key's request for a continuance and discovery. *See, e.g., Hinojosa v. Johnson*, 277 Fed. Appx. 370, 378 (5th Cir. 2008) (holding that district court "abused its discretion" in denying Rule 56(f) request because movant was entitled to "a full and fair opportunity to discover information essential to his opposition to summary judgment"); *McCallister v. FDIC*, 87 F.3d 762, 766 (5th Cir. 1996) (finding that the "district court committed reversible error in refused to grant a continuance" where Rule 56(f) movant had not had enough time to obtain evidence); *Friends of the Earth v. Phibro Energy, U.S.A.*, No. 95-20335, 1996 WL 254968, at *3-4 (5th Cir. Apr. 18, 1996) (holding that district court "clearly abused its discretion" in denying Rule 56(f) motion and explaining that such motions "should be granted almost as a matter of course").

Petron's Motion is premature and Key should be permitted to conduct discovery on Petron's summary judgment contentions.

## CONCLUSION

For the reasons stated above, Key respectfully requests the Court deny Petron's Motion for Summary Judgment. In the alternative, Key requests that it be permitted to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f).

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: */s/ John F. Luman III*
John F. Luman III
State Bar No. 00794199
Andrew W. Zeve
State Bar No. 24042209

711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone:  (713) 223-2300
Telecopy:   (713) 221-1212

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure on the 15th day of October, 2009.

            */s/ John F. Luman III*
            John F. Luman III

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel has complied with the meet-and-confer requirement in Local Rule CV-7(h) and the Motion to Strike is opposed. The personal conference required by Local Rule CV-7(h) was conducted by telephone on October 15, 2009. John Luman and Andrew Zeve attended for movant and Tim Headley attended for Petron Industries, Inc. An agreement could not be reached because Mr. Headley refused to withdraw the attachments to his motion for summary judgment. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

            */s/ John F. Luman III*
            John F. Luman III